```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

LAMONT CRAWFORD,
                                          CIVIL CASE NO. 05-40121
                  Plaintiff,

v.
                                          HONORABLE PAUL V. GADOLA
OFFICER ADRIAN JONES, and THE             U.S. DISTRICT JUDGE
CITY OF DETROIT,

                  Defendants.
_____/
```

**ORDER OF PARTIAL REMAND**

Defendants filed a notice of removal on March 14, 2005. Plaintiff's complaint, which is attached to the notice of removal, contains four counts. The first count alleges assault and battery. The second count alleges gross negligence. The third count alleges violations of 42 U.S.C. § 1983 and § 1985. The fourth count alleges intentional infliction of emotional distress. Thus, the third count states a claim under federal law, while the remaining three counts state claims under state law.

Thereby, the Court has federal question jurisdiction over Plaintiff's third, federal claim pursuant to 28 U.S.C. § 1331 and possible supplemental jurisdiction over Plaintiff's three remaining state law claims pursuant to 28 U.S.C. § 1367. For the reasons set forth below, however, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand

those claims to state court.

Under the standard enunciated in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction. . ." <u>Cirasuola v. Westrin</u>, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), aff'g, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court held in <u>City of Chicago v. International College of Surgeons</u>:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [<u>Gibbs</u>, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [<u>id</u>. at 726-27]. <u>See also</u> [<u>Carnegie-Mellon Univ. v.</u>] <u>Cohill</u>, 484 U.S. 343, 350 (1988) ("As articulated by <u>Gibbs</u>, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." <u>Id.</u> at 357.

> Depending on a host of factors, then--including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims--district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Cohill,[484 U.S. at 350].

522 U.S. 156, 172-73 (1997).  See also San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478-79 (9th Cir. 1998); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); Diven v. Amalgamated Transit Union Int'l & Local 689, 38 F.3d 598, 601 (D.C. Cir. 1994); Brazinski v. Amoco Petrol. Additives Co., 6 F.3d 1176, 1182 (7th Cir. 1993). But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, the Court must look to considerations of judicial economy, convenience, fairness, and comity, and avoid needless decisions of state law.  See Int'l Coll. of Surgeons, 522 U.S. at 173; Cohill, 484 U.S. at 350; Gibbs, 383 U.S. at 726; see also C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving federal law

3

claims together with supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.

Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims would substantially expand the scope of this case beyond that necessary

and relevant to the federal claim under the 42 U.S.C. § 1983 and § 1985. The Court finds that the state law claims substantially predominate over the federal claim. See 28 U.S.C. § 1367(c)(2). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. See Int'l Coll. of Surgeons, 522 U.S. at 173; Cohill, 484 U.S. at 350; Gibbs, 383 U.S. at 726. Therefore, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and will remand the claims to the Wayne County Circuit Court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that all of Plaintiff's state law claims (Counts I, II, and IV) are **REMANDED** to the Circuit Court for the County of Wayne, Michigan.

**IT IS FURTHER ORDERED** that only Plaintiff's claims arising under federal law (Count III) shall remain before this Court.

**SO ORDERED.**

Dated:   April 20, 2005         s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___April 21, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ___Stuart B. Eisenberg; John A. Schapka___ .

                                    s/Ruth A. Brissaud
                                    Ruth A. Brissaud, Case Manager
                                          (810) 341-7845